UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAVA HERMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>CAPITAL ONE FINANCIAL CORP,<br><br>        Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Capital One, N.A. ("Capital One"), erroneously sued herein as Capital One Financial Corp., by and through its undersigned counsel, hereby removes this action to the United States District Court for the Southern District of New York.  In support, Capital One states as follows:

## BACKGROUND

1. On December 22, 2025, Plaintiff Chava Herman ("Plaintiff") filed a Summons and Complaint against Capital One in the Supreme Court of the State of New York, County of Rockland, under Index No. 039074/2025 ("State Court Action").  *See* Summons and Complaint, attached as Ex. A.

2. Capital One has not answered or otherwise responded to the Complaint.

3. The Summons and Complaint, which are attached hereto as Ex. A, constitute all process, pleadings, and orders served in the State Court Action.

4. By filing this notice of removal, Capital One does not waive any claim, counterclaim, or defense that may be available to it, including, but not limited to lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.

## **BASIS FOR REMOVAL**

### **Federal Question Jurisdiction**

5. Removal of this matter is proper under 28 U.S.C. § 1331, which provides that federal courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," because Plaintiff's Complaint asserts claims arising out of federal law, namely, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). *See* Ex. A.

### **Venue**

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the United States District Court for the Southern District of New York is the federal court embracing the Supreme Court of the State of New York, County of Rockland, where Plaintiff originally filed the State Court Action.

### **Procedure**

7. This Notice of Removal is timely. On December 22, 2025, Plaintiff filed the State Court Action. *See* Ex. A. On December 23, 2025, Plaintiff mailed the Summons and Complaint to Capital One. United States Postal Service delivered copies thereof to Capital One on December 29, 2025. Accordingly, the earliest possible deadline for Capital One to remove this matter is January 28, 2026. *See* 28 U.S.C. § 1446(b)(1).

8. Capital One is the only defendant in this case and therefore the only defendant who has "been properly joined and served" in the State Court Action. *See* 28 U.S.C. § 1446(b)(2)(A). As required by 28 U.S.C. § 1446(d), Capital One is serving a copy of this Notice of Removal on Plaintiff and filing a copy of this Notice of Removal with the Clerk of the Court for the Supreme Court of the State of New York, County of Rockland.

**CONCLUSION**

WHEREFORE, Capital One hereby removes the above-captioned action now pending in the Supreme Court of the State of New York, County of Rockland, to the United States District Court for the Southern District of New York and requests that this Court assume full jurisdiction over this action as provided by law.

Dated: January 28, 2026                                   Respectfully submitted,

By: */s/ Aleksandr Altshuler*
Aleksandr Altshuler
Jacquelyn N. Schell
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
(212) 223-0200 (Telephone)
(212) 223-1942 (Fax)

altshulera@ballardspahr.com
schellj@ballardspahr.com
*Counsel for Defendant*
*Capital One, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Notice of Removal to be served by U.S. mail, postage prepaid upon the Plaintiff in the State Court Action as follows:

Chava Herman<br>
4 Station Rd Apt 1FE<br>
Pamona, NY 10970<br>
*Pro Se*

Dated: January 28, 2026                                    By: */s/ Aleksandr Altshuler*
                                                                                  Aleksandr Altshuler